IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APPROXIMATELY $45,020.00 IN UNITED | ) | **Civil No. 5:26-CV-00064** |
| STATES CURRENCY SEIZED ON OR ABOUT | ) | |
| MARCH 20, 2025. | ) | |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

NOW COMES the United States of America, Plaintiff herein, by and through Russ Ferguson, United States Attorney for the Western District of North Carolina, in a civil cause of forfeiture, and respectfully states the following:

**INTRODUCTION**

1.    This is a civil action *in rem* against approximately $45,020.00 in United States Currency seized on or about March 20, 2025 ("the Currency").

2.    The Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841 and/or 846, is proceeds traceable to such an exchange, and/or is money used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 and/or 846.

3.    Procedures for this action are mandated by 21 U.S.C. § 881, 18 U.S.C. § 983, 19 U.S.C. §§ 1602-1621, and, to the extent applicable, the Federal Rules of Civil Procedure and accompanying Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 28 U.S.C § 1345 and 28 U.S.C. § 1355(a). The Court has in rem jurisdiction over the defendant property under 28 U.S.C. § 1355(b).

5. This Court has venue pursuant to 28 U.S.C §§ 1355 and 1395. Venue is proper because the acts or omissions giving rise to the forfeiture occurred in this district.

6. Based on the following facts, verified by Drug Enforcement Administration ("DEA"), Task Force Officer ("TFO") Kyle Lawrence, this action seeks the forfeiture of all right, title, and interest in the Currency.

## FACTS GIVING RISE TO FORFEITURE

7. During the course of a criminal investigation, law enforcement observed Donald Saner conduct multiple narcotics transactions.

8. Thereafter, on March 20, 2025, law enforcement executed a search warrant at Saner's residence.

9. The search of the residence revealed, among other things, (a) a clear plastic bag containing a white powdery substance that was tested with TruNarc and confirmed to be cocaine, (b) various bottles of morphine, and (c) bags containing oxycodone pills:

2








10.     Consistent with those used in narcotics trafficking, a number of the morphine bottles had labels which indicated prescriptions for individuals not associated with Saner, and/or had labels which were removed (to obscure the identity of the original prescription).

11.     The search also uncovered large amount of cash within the residence, most notably in a leather bag and inside a portable safe alongside a Smith and Wesson .45 caliber pistol:





12.     The seized cash was later counted and totaled $45,020.00.

13. Later, K-9 Sparky, a properly trained and certified narcotics detection canine, was deployed on a blind lineup of boxes to conduct an open-air sniff.

14. K-9 Sparky positively alerted to the odor of narcotics from the box containing the Currency.

15. Further, the Currency's composition, denominations, and storage were consistent with the proceeds of street level narcotics transactions, rather than that withdrawn from any financial institution.

16. When Saner was interviewed by law enforcement, he admitted—in general sum and substance—to purchasing pills and then selling them (though he at times confusingly characterized this process as purchasing pills from "friends" and then permitting those friends to pay him back in exchange for pills).

17. Saner was charged at the state level with Trafficking Oxycodone, Felony Maintaining a Dwelling to Keep Controlled Substances, Selling a Controlled Substance within 1,000' of a School, Possession of Cocaine, Possession of Drug Paraphernalia and PWISD Morphine. As of the time of filing this Complaint, these charges remain pending.

## FIRST CLAIM FOR RELIEF – THE CURRENCY
### (21 U.S.C § 881(a)(6))

18. The United States incorporates by reference the allegations set forth in the paragraphs above as if fully set forth herein.

19. The Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841 and/or 846, is proceeds traceable to such an exchange, and is money used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 and/or 846.

5

## PRAYER FOR RELIEF

20. By virtue of the foregoing, all right, title, and interest in the Currency vested in the United States at the time of the commissions of the unlawful act giving rise to forfeiture, 21 U.S.C. § 881(h), and has become and is forfeitable to the United States.

WHEREFORE, the United States of America respectfully prays the Court that:

1. A warrant for the arrest of the Currency be issued;

2. Due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

3. Judgment be entered declaring the Currency to be condemned and forfeited to the United States of America for disposition according to law; and

4. The United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action, including but not limited to the expenses of maintenance and protection of the Currency as required by 28 U.S.C. § 1921.

Respectfully submitted this 19th day of March, 2026.

RUSS FERGUSON
UNITED STATES ATTORNEY

/s/ Seth Johnson
J. Seth Johnson (Texas Bar No. 24083259)
Assistant United States Attorney
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, North Carolina 28202
Telephone: (704) 338-3159
Email: seth.johnson@usdoj.gov

## <u>VERIFICATION</u>

I declare under penalty of perjury that the factual information contained in the foregoing

Complaint is true and correct according to the best of my knowledge, information, and belief.

Executed on the 18ᵗʰ day of March, 2026.

DEA TFO KYLE LAWRENCE